# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RURAL/METRO FIRE DEPT., INC., CAPSTONE FIRE & SAFETY MANAGEMENT, GLOBAL MEDICAL RESPONSE, INC., DELTA EQUITIES, INC., and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS ZAPATA, individually, and on behalf of all persons similarly situated,

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/12/2024 4:05:27 PM
Clerk of the Superior Court
By M. Acevedo        ,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice<br><br>330 W. Broadway San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* **24CU022120C** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haig B. Kazandjian Lawyers, APC; 801 North Brand Blvd., Suite 970, Glendale, CA 91203; (818) 696-2306

| DATE: November 13, 2024 | Clerk, by | *M. Acevedo* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | M. Acevedo | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Rural/Metro Fire Dept., Inc.**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Haig B. Kazandjian, Esq. (SBN 278622); David Van Pelt, Esq. (163690)<br>Haig B. Kazandjian Lawyers, APC<br>801 North Brand Blvd, Suite 970, Glendale, CA 91203<br>TELEPHONE NO.: 818-696-2306      FAX NO.: 818-696-2307<br>EMAIL ADDRESS: haig@hbklawyers.com; david@hbklawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff, Luis Zapata | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>**11/12/2024 4:05:27 PM**<br>Clerk of the Superior Court<br>By M. Acevedo          ,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
 STREET ADDRESS: 330 W. Broadway
 MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
 BRANCH NAME: Hall of Justice

CASE NAME:
 Luis Zapata v Rural/Metro Fire Dept., Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **24CU022120C** |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2024

Haig B. Kazandjian, Esq.
_____
(TYPE OR PRINT NAME)                    ▶    _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

1  Haig B. Kazandjian, Esq. Bar No. 278622
   haig@hbklawyers.com
2  Cathy Gonzalez, Esq. Bar No.: 310625
   cathy@hbklawyers.com
3  David Van Pelt, Esq. Bar No. 163690
   david@hbklawyers.com
4  **HAIG B. KAZANDJIAN LAWYERS, APC**
   801 North Brand Boulevard, Suite 970
5  Glendale, California 91203
   Telephone: 1-818-696-2306
6  Facsimile: 1-818-696-2307

7  *Attorneys for* Plaintiff LUIS ZAPATA
   individually and on behalf of all persons similarly situated
8

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/12/2024 4:05:27 PM
Clerk of the Superior Court
By M. Acevedo          ,Deputy Clerk

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF SAN DIEGO**

11  LUIS ZAPATA, individually, and on behalf    Case No.    24CU022120C
    of all persons similarly situated,
12                                               **CLASS ACTION COMPLAINT FOR**
13              Plaintiff,                       **DAMAGES AND PENALTIES**

14         vs.                                   1. **FAILURE TO PAY OVERTIME**
                                                    **WAGES;**
15  RURAL/METRO FIRE DEPT., INC.,               2. **FAILURE TO PAY MINIMUM**
    CAPSTONE FIRE & SAFETY                          **WAGES;**
16  MANAGEMENT, GLOBAL MEDICAL                  3. **FAILURE TO PROVIDE MEAL**
    RESPONSE, INC., DELTA EQUITIES,                 **PERIODS IN VIOLATION OF**
17  INC., and DOES 1 through 50, inclusive,         **LABOR CODE §§ 226.7 AND 512;**
                                                 4. **FAILURE TO KEEP AND PROVIDE**
18              Defendants.                          **ITEMIZED AND ACCURATE**
                                                    **WAGE STATEMENTS IN**
19                                                  **VIOLATION OF LABOR CODES §**
                                                    **226 AND THE I.W.C. WAGE**
20                                                  **ORDERS;**
                                                 5. **FAILURE TO PAY WAITING TIME**
21                                                  **PENALTIES IN VIOLATION OF**
                                                    **LABOR CODE §§ 201, 202, AND 203;**
22                                               6. **FAILURE TO TIMELY PAY**
                                                    **EARNED WAGES IN VIOLATION**
23                                                  **OF LABOR CODES §§ 204 AND 210**
24
25                                               7. **FAILURE TO PROVIDE REST**
                                                    **PERIODS IN VIOLATION OF**
26                                                  **LABOR CODE § 226.7 AND THE**
                                                    **I.W.C. WAGE ORDERS**
27                                               8. **FAILURE TO REIMBURSE**
28                                                  **BUSINESS EXPENSES IN**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

VIOLATION OF LABOR CODE §§ 2800 AND 2802;

9. **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF I.W.C. WAGE ORDERS;**
10. **FAILURE TO PAY SPLIT SHIFT WAGES IN VIOLATION OF I.W.C. WAGE ORDERS;**
11. **FAILURE TO PROVIDE NOTICE OF PAID SICK TIME ACCRUAL IN VIOLATION OF LABOR CODE §246;**
12. **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*.**

**DEMAND FOR JURY TRIAL**

Plaintiff LUIS ZAPATA ("Representative Plaintiff" or "Plaintiff"), individually, and on behalf of other members of the general public similarly situated alleges as follows:

**INTRODUCTION**

1.     This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and other non-exempt current and former employees employed by RURAL/METRO FIRE DEPT., INC., CAPSTONE FIRE & SAFETY MANAGEMENT, GLOBAL MEDICAL RESPONSE, DELTA EQUITIES, INC., and DOES 1 through 50, inclusive (collectively "Defendants"). Defendants were joint employers of Plaintiff in that they were operating as joint enterprises and both suffered and permitted Plaintiff to work for each of them; controlled Plaintiff's hours and working conditions; controlled Plaintiff's wages; and made the decision to hire Plaintiff and had control of termination of Plaintiff's employment, and therefore jointly employed Plaintiff. Defendants are collectively hereinafter referred to as "Defendants".

2.     This is a civil action seeking recovery for Defendants' violations of California Labor Code ("Labor Code") including, but not limited to, §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B& PC") §17000 et seq.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3.    Plaintiff's action seeks monetary damages, including, but not limited to, full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices. The acts complained of herein occurred, occur and will occur, at least in part, within the time period beginning four (4) years preceding the filing of Plaintiff's Complaint, up to and through the time of trial for this matter.

**RELEVANT EMPLOYEES**

4.    The relevant employees are Defendants' current and former employees, who were or are employed in California who were or are paid on an hourly non-exempt basis for the time period beginning four (4) years preceding the filing of Plaintiff's complaint, through the date of judgment.

5.    The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California by Defendants are similar from location to location and employee to employee.

6.    Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

**SUMMARY OF CLAIMS**

7.    With regard to Defendants' California based non-exempt, hourly paid current and former employees, Defendants have established a time keeping policy which does not compensate said employees for the time they actually worked. As a result, Defendants have failed to pay for all wages due including overtime wages for all hours worked and failed to pay the required minimum wage for all hours worked. Further, Defendants have failed to provide timely uninterrupted 30-minute meal periods or to pay a premium payment in lieu thereof; failed to provide paid rest periods or to pay a premium payment in lieu thereof; failed to timely furnish accurate itemized wage statements; failed to reimburse for business expenses; violated Labor Code §203; failed to timely pay earned wages; failed to pay reporting time pay; failed to pay

1   split shift wages; failed to provide notice of paid sick time and accrual; conducted unfair

2   business practices; and individually caused labor code violations.

3

4                                      **PARTIES**

5        8.    Representative Plaintiff is an individual who resides in California and was

6   employed by DEFENDANTS from on or about May 1, 2020 until on or about October 15, 2023.

7        9.    Representative Plaintiff is informed and believes, and based on such information

8   and belief, alleges that at all times mentioned herein, RURAL/METRO FIRE DEPT., INC. is a

9   Arizona Corporation, licensed to do business and actually doing business in the State of

10  California.

11       10.   Representative Plaintiff is informed and believes, and based on such information

12  and belief, alleges that at all times mentioned herein, CAPSTONE FIRE & SAFETY

13  MANAGEMENT is a Unknown Entity, licensed to do business and actually doing business in

14  the State of California.

15       11.   Representative Plaintiff is informed and believes, and based on such information

16  and belief, alleges that at all times mentioned herein, GLOBAL MEDICAL RESPONSE is a

17  Corporation, licensed to do business and actually doing business in the State of California.

18       12.   Representative Plaintiff is informed and believes, and based on such information

19  and belief, alleges that at all times mentioned herein, DELTA EQUITIES, INC. is a California

20  Corporation, licensed to do business and actually doing business in the State of California.

21       13.   Representative Plaintiff is informed and believes, and based on such information

22  and belief, alleges that RURAL/METRO FIRE DEPT., INC. operate as a national leader in

23  private fire protection services. Thus, Defendants are subject to the applicable California laws

24  as alleged throughout this Complaint.

25       14.   Representative Plaintiff is informed and believes, and based on such information

26  and belief, alleges that CAPSTONE FIRE & SAFETY MANAGEMENT operate a company

27  providing specialized services including outsourced firefighting, technical rescue, and safety

28

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

4

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1    services. Thus, Defendants are subject to the applicable California laws as alleged throughout

2    this Complaint.

3      15.   Representative Plaintiff is informed and believes, and based on such information

4    and belief, alleges that GLOBAL MEDICAL RESPONSE operates as a company delivering

5    medical care, primarily in the areas of emergency and patient relocation services in the United

6    States and around the world. Thus, Defendants are subject to the applicable California laws as

7    alleged throughout this Complaint.

8      16.   Representative Plaintiff is informed and believes, and based on such information

9    and belief, alleges that DELTA EQUITIES, INC. operates as a company providing chief

10    officers, fire marshals and other firefighting and safety personnel to deliver customized

11    emergency and non-emergency services to support their employees, critical assets, and

12    infrastructure. Thus, Defendants are subject to the applicable California laws as alleged

13    throughout this Complaint.

14      17.   At all relevant times, Defendants were employers whose employees are engaged

15    throughout the State of California and were the employer of Plaintiff within the meaning of all

16    applicable California state laws and statutes.

17      18.   Representative Plaintiff is unaware of the true names and capacities, whether

18    corporate, individual, or otherwise, of defendants named as DOES 1 though 50 inclusive.

19    Pursuant to California Code of Civil Procedure section 474, Representative Plaintiff will seek

20    leave of court to amend this complaint to state said Defendants' true names and capacities when

21    the same have been ascertained. Representative Plaintiff is informed and believes, and based on

22    such information and belief, alleges that said fictitiously-named defendants are responsible in

23    some manner for the injuries and damages to Representative Plaintiff as further alleged herein.

24    Defendants were joint employers of Plaintiff in that they were operating as a joint enterprises

25    and both suffered and permitted Plaintiff to work for each of them; controlled Plaintiff's hours

26    and working conditions; controlled Plaintiff's wages; made the decision to hire Plaintiff; had

27    control of Plaintiff's employment and, therefore, jointly employed Plaintiff.

28      19.   Representative Plaintiff is informed, believes, and thereupon alleges, that at all

times herein mentioned, Defendants ratified each and every act or omission complained of herein.

20.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

21.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, the agents, servants, and/or employees of some or all other Defendants, and vice versa, and in doing the things alleged in this Complaint, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control of Defendants, and each of them.

22.     Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

23.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

24.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and/or damages alleged in this Complaint. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

25.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages alleged in this Complaint.

26.     Plaintiff seeks penalties unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have:

a.     failed to pay all wages due including overtime wages for all hours worked;

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

b.  failed to pay the required minimum wage for all hours worked;

c.  failed to provide meal periods;

d.  failed to provide paid rest periods;

e.  failed to provide accurate wage statement(s);

f.  failed to provide itemized wage statement(s);

g.  failed to timely pay earned wages;

h.  violated Labor Code §§ 201, 202, 203;

i.  failed to reimburse for business expenses;

j.  failed to pay reporting time pay;

k.  failed to provide notice of paid sick time and accrual;

l.  Conducted unfair business practices; and

m.  Individually caused labor code violations.

## VENUE AND JURISDICTION

27.  Venue is proper under California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that Plaintiff's injuries were incurred within the County of San Diego, the actions giving rise to Representative Plaintiff's complaint arose within the County of San Diego, and Defendants are located in the County of San Diego and/or do business in the County of San Diego.

28.  Further, this class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

29.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

30.  This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or

1  otherwise intentionally availed themselves of the California market so as to render the exercise

2  of jurisdiction over them by the California courts consistent with traditional notions of fair play

3  and substantial justice.

4    31.    Venue is proper in this Court because, upon information and belief, Defendants

5  maintain offices, have agents, and/or transact business in the State of California, County of San

6  Diego. place in the State of California, including the County of San Diego, which has the highest

7  concentration of Defendants' offices, and therefore percipient witnesses, in the State of

8  California.

9    32.    The California Superior Court also has jurisdiction in this matter because the

10  individual claims of the members of the Classes herein are under the seventy-five thousand

11  ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under the five

12  million dollar ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA").

13  Further, there is no federal question at issue, as the issues herein are based solely on California

14  statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business &

15  Profession Code.

16                    **GENERAL ALLEGATIONS:**

17    33.    CCP §382 provides in pertinent part: "... [W]hen the question is one of a

18  common or general interest, of many persons, or when the parties are numerous, and it is

19  impracticable to bring them all before the court, one or more may sue or defend for the benefit

20  of all.

21    34.    Plaintiff brings this suit as a class action pursuant to CCP § 382, on behalf of

22  individuals who are entitled to the monies unlawfully withheld by Defendants. This is a Class

23  Action Complaint, on behalf of Plaintiffs and all other persons similarly situated who worked

24  for Defendants in California from the earliest period in the applicable statute of limitations

25  through judgment, as non-exempt, hourly employees for: (i) failure to pay straight and overtime

26  compensation in violation of Labor Code sections 223, 510, 1194, and 1199; (ii) failure to pay

27  minimum wages; (iii) failure to provide meal periods in violation of Labor Code sections 226.7

28  and 512; (iv) failure to provide itemized wage statements in violation of Labor Code section

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

226; (v) failure to keep accurate payroll records in violation of Labor Code sections 226 and the IWC Wage Orders; (vi) for failure to timely pay earned wages in violation of Labor Code sections 204 and 210; (vii) failure to pay waiting time penalties in violation of Labor Code section 203; (viii) failure to provide rest breaks; (ix) failure to reimburse business expenses; (x) failure to pay reporting time pay; (xi) failure to pay split shift wages; (xii) failure to provide notice of paid sick time and accrual; (xiii) unlawful business practices in violation of Bus. & Prof. Code section 17200 *et seq*.; and (xiv) individual liability for labor code violations.

35.    For at least four (4) years prior to the filing of this complaint and through to the present, Defendants have had a consistent policy of failing to pay for all straight and overtime hours worked by the Defendants' non-exempt, hourly California employees in violation of California law, including, but not limited to, due to pre-shift, post-shift, and other off-the-clock work. Defendants have also automatically deducted 30 minutes of work time each day from Representative Plaintiff and the putative class members pay each day. Additionally, Defendants utilized a pay system which improperly rounded time to the detriment of the Representative Plaintiff and the putative class members. Defendants rounded the actual time worked and recorded by Representative Plaintiff and the putative class members usually down, so that during the course of their employment, Representative Plaintiff and the putative class members were paid far less than they would have been paid had they been paid for their actual work time rather than rounded time.  Defendants also failed to properly calculate the regular rate of pay for overtime, meal/rest premiums, paid sick leave, and reporting time pay.

36.    For at least four (4) years prior to the filing of this complaint and through to the present, Defendants have had a consistent policy of failing to provide to its non-exempt, hourly employees with itemized wage statements that included all of the required categories of information. This included both not including at all one or more of the required categories, or including such categories but providing information therein that was not accurate.

37.    Representative Plaintiff, on behalf of herself and all class members, brings this action pursuant to California Labor Code sections 203, 204, 223, 226, 226.7, 510, 1194, and 1199 seeking unpaid minimum, straight, and overtime wages, compensation for unprovided

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

COMPLAINT FOR DAMAGES AND PENALTIES

1  and/or legally inadequate meal and rest periods, reporting time pay, penalties, injunctive and

2  other equitable relief, interest, and reasonable attorneys' fees and costs pursuant to Labor Code

3  sections 218.5, 218.6 and 1194 and any and all other applicable law.

4    38.  Representative Plaintiff, on behalf of herself and all class members, pursuant to

5  Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution,

6  and disgorgement of all benefits Defendants enjoyed from their failure to correctly pay straight

7  and overtime wages for all hours worked, unprovided meal periods, and any and all other injuries

8  suffered as a result of the Defendants' failure to timely pay all wages due.

9    **STATEMENT OF FACTS**

10    39.  Defendants employed Plaintiff and other persons as hourly-paid, non-exempt

11  employees within the State of California.

12    40.  Defendants had the authority to hire and terminate Plaintiff and the putative class

13  members, to set work rules and conditions governing Plaintiff's and the other class members'

14  employment, and to supervise their daily employment activities.

15    41.  Defendants directly hired and paid wages and benefits to Plaintiff and the putative

16  class members.

17    42.  Defendants continue to employ hourly-paid, non-exempt employees at their

18  locations within the State of California.

19    43.  Plaintiff and the putative class members worked over eight (8) hours in a day,

20  and/or forty (40) hours in a week during their employment with Defendants.

21    44.  Plaintiff is informed and believes, and based thereon alleges, that Defendants

22  knew or should have known that Plaintiff and the putative class members were entitled to receive

23  certain wages for overtime compensation and that they were not receiving wages for overtime

24  and other compensation.

25    45.  Defendants did not pay Representative Plaintiff, the putative class members, and

26  other aggrieved employees for all hours worked.  The reasons that these employees were not

27  paid for all hours worked include, but are not limited to, requiring employees to work off-the-

28  clock, rounding time to employees' detriment, not allowing employees to clock in while

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

10

1   working, automatically deducting time for legally inadequate meal periods, and improperly

2   calculating hours worked and amounts due, including failing to pay all required wages at the

3   regular rate of pay (whether overtime, meal/rest premiums, paid sick leave, or reporting time),

4   such that employees were not paid for all time that they were subject to Defendants' control or

5   that they were suffered or permitted to work.

6        46.    Defendants did not provide Representative Plaintiff, the putative class members,

7   and other aggrieved employees with off-duty meal periods as required by California law. These

8   shortcomings included, but were not limited to, having written policies that failed to inform

9   employees of the meal period requirements, discouraging or preventing employees from taking

10  off-duty meal periods, interrupting meal periods, failing to ensure adequate staffing such that

11  employees were too busy to take meal periods, not allowing employees to leave the premises

12  during meal periods, and not accurately recording meal periods, such that employees were not

13  relieved of duty and resulting in meal periods that were missed, short, or late.

14       47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15  knew or should have known the Plaintiff and the putative class members were entitled to receive

16  all meal periods or payments of one additional hour of pay at Plaintiff's and the putative class

17  members' regular rate of pay when a meal period was missed, and they did not receive all meal

18  periods of payment of one additional hour of pay at Plaintiff's and the other class members'

19  regular rate of pay when a meal period was missed.

20       48.    Defendants did not authorize and permit Representative Plaintiff, the putative

21  class members, and other aggrieved employees to take off-duty rest periods as required by

22  California law. These shortcomings included, but were not limited to, having written policies

23  that failed to inform employees of the rest period requirements, discouraging or preventing

24  employees from taking off-duty rest periods, interrupting rest periods, failing to ensure adequate

25  staffing such that employees were too busy to take rest periods, and not allowing employees to

26  leave the premises during rest periods, such that rest breaks regularly failed to comply with

27  California law.

28       49.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    knew or should have known that Plaintiff and the other class members were entitled to receive

2    all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

3    members' regular rate of pay when a rest period was missed, and they did not receive all rest

4    periods or payment of one additional hour of pay at Plaintiff and the other class members'

5    regular rate of pay when a rest period was missed.

6        50.    Defendants did not provide accurate itemized wage statements to employees.

7    Defendants routinely failed to provide Plaintiff, the putative class members, and other aggrieved

8    employees with timely, accurate, and itemized wage statements in writing showing each

9    employee's gross wages earned, total hours worked, overtime hours worked and paid, all

10   deductions made, net wages earned, all applicable and accurate hourly rates in effect during each

11   pay period and the corresponding number of hours worked at each hourly rate, employer name

12   and address, and inclusive dates of each pay period, in violation of California Labor Code § 226

13   and §§ 6 and 7 of the applicable IWC Wage Orders.  Finally, Defendants also failed to provide

14   the amount of supplemental COVID-19 paid sick leave taken and available on its wage

15   statements, all in violation of Labor Code §§ 226, 246, 248.1, 248.2 and 248.6.

16       51.    In addition to directly failing to include the required categories of information,

17   Plaintiff asserts a derivative theory of liability for inaccurate wage statements based on the same

18   facts underlying her other causes of action.  As just one example, the number of hours that the

19   employees actually spent working for Defendants that is listed on the wage statements is also

20   incorrect because of Defendants failure to record and compensate its employees for all the time

21   that they are under the employer's control pursuant to the company's illegal rounding policy,

22   and because Defendants auto-deducted 30 minutes each day from their employees' pay for meal

23   periods that were not provided. Thus, the total earnings and the number of hours listed on the

24   employee's pay stubs are incorrect as they do not include the hours worked in the pay that the

25   employees should have received.  As another example, Plaintiff's and the putative class

26   members' wage statements also failed to list all applicable hourly rates in effect during the pay

27   period and the corresponding number of hours worked at each hourly rate by these employees

28   because of the Defendants' failure to pay overtime.  Likewise, Plaintiff's and the putative class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

members' wage statements also failed to list split shift wages and paid sick time accrual.

52. Plaintiff is informed and believes, and based thereon alleges, that at all material times set forth herein, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

53. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the putative class members were entitled to receive all wages owed to them upon discharge or resignation, including straight-time, overtime, minimum wages, and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

54. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the putative class members were entitled to receive all wages owed to them during their employment. Plaintiff and the putative class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under the California Labor Code.

55. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the putative class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

56. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the putative class members were entitled to reimbursement for necessary business-related expenses, including, but not limited to, cell phone, mileage, and uniform reimbursement. However, Defendants did not reimburse employees for all necessary business-related expenses.

57. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the putative class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

to Plaintiff and the putative class members that they were properly denied wages, all in order to increase Defendants' profits.

58.    The California Supreme Court opinion in *Ferra v. Loews Hollywood Hotel, LLC* holds that, similar to the requirement that employers pay overtime at the "regular rate of pay" (which includes commissions, bonuses or other nondiscretionary pay), employers are required to pay meal and rest break premiums at a regular rate that includes commissions, bonuses or other non-discretionary pay. Plaintiff alleges that Defendants failed to include the non-discretionary bonuses in its calculations for overtime pay and for meal and/or rest period penalties.

59.    The California Supreme Court in *Naranjo v. Spectrum Security Services, Inc.* (Cal., May 23, 2022, No. S258966) held that missed-break premium pay is indeed wages subject to the Labor Code's timely payment and reporting requirements, and it can support section 203 waiting time penalties and section 226 wage statement penalties.

60.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly…for any wages or penalty due to him [or her] under this article."

## CLASS ACTION ALLEGATIONS

61.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

62.    **Overtime Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay overtime wages (hereinafter, the "Overtime Class");

63.    **Rounding Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were subject to Defendants rounding policies and practices (hereinafter, the "Rounding Class");

64.    **Minimum Wage Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay minimum wages (hereinafter, the "Minimum Wage Class");

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

65. **Meal Period Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate meal period for each day in which such employees worked five (5) hours or more and were not provided compensation by Defendants of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided (hereinafter, the "Meal Period Class");

66. **Rest Period Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate 10-minute rest break for every four (4) hours of work, or every major fraction thereof as employees, and were not provided compensation by Defendants of one (1) hour of pay at their regular rate of compensation for each workday that rest breaks were not provided (hereinafter, the "Rest Period Class");

67. **Auto-Deduct Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra), who worked time that was automatically deducted from their pay (hereinafter, the "Auto Deduct Class");

68. **Timely Payment Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that did not receive all wages owed to them on time in compliance with Labor Code section 204.

69. **Waiting Time Penalties Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed to them at the time of termination or resignation (hereinafter, the "LC203 Class");

70. **Failure to Keep Accurate Pay Records Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided with accurate and complete time keeping records that recorded all work periods, the total numbers of hours worked, and correct wages owed (hereinafter, the "Pay Records Class");

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

71. ~~Itemized Wage Statement Class.~~ All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive an itemized wage statement that listed the correct straight and/or overtime number of hours that the employee worked in the pay period, the correct corresponding rates of pay, the correct gross and net wages earned, and/or correct name and address of the legal entity that is their employer (hereinafter, the "Itemized Wage Statement Class");

72. **Failure to Reimburse Business Related Expenses Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 (hereinafter, the "Business Expense Class");

73. **Failure to Pay Reporting Time Pay Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not properly receive reporting time pay in accordance with the I.W.C. Wage Orders (hereinafter, the "Reporting Time Pay Class");

74. **Failure to Pay Split Shift Wages Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive split shift wages in violation of the IWC Wage Orders (hereinafter, the "Split Shift Wages Class");

75. **Failure to Provide Notice of Paid Sick Time Accrual Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive notice of paid sick time accrual in violation of Labor Code section 246 (hereinafter, the "Paid Sick Accrual Class");

76. Representative Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

77. This action has been brought and may properly be maintained as a class action

under the provisions of Section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

### A.  Numerosity

78.    The potential members of the Classes as defined are so numerous that joinder of all the members of the Classes is impracticable. While the precise number of class members for each Class has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, at least 50 employees in the State of California, in non-exempt positions throughout California, who are or have been affected by Defendants' policy of: (1) failing to pay overtime and for all time worked; (2) failing to provide employees with legally adequate meal and rest periods; (3) failing to pay all wages at termination; (4) failure to reimburse business expenses; (5) failure to pay minimum wages; (6) failure to provide and keep accurate wage statements and records; (7) failure to pay waiting time penalties; (8) failure to timely pay earned wages; (9) failure to pay reporting time pay; (10) failure to pay split shift wages; (11) failure to provide notice of paid sick time accrual.

79.    Upon information and belief, Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all members of the Classes.

### B.  Commonality

80.    There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(a)    Whether Defendants properly paid employees for all straight and overtime hours worked in accordance with Labor Code sections 510, 11832.12, 1194, 1197, 1197.1, and the IWC Wage Orders;

(b)    Whether Defendants violated Labor Code sections 512, 226.7, and the IWC Wage Orders by failing to properly provide meal periods of at least 30 off-duty minutes within the first 5 hours of their shift for employees working more than 5 hours in a day, and a second meal period to employees that worked over 10 hours in a day; and if so, whether Defendants failed to

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

timely compensate said employees for one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

(c)    Whether Defendants violated Labor Code sections 512, 226.7, and the IWC Wage Orders by failing to authorize or permit rest periods of at least 10 off-duty minutes for every four (4) hours of their employees shifts or every major fraction thereof; and if so, whether Defendants failed to timely compensate said employees for one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

(d)    Whether Defendants violated Labor Code sections 201-204 by failing to pay straight and/or overtime wages, and compensation for denied and/or unprovided meal periods due and owing at the time that any class member's employment with Defendants terminated;

(e)    Whether Defendants' time rounding policy and practices ensured that Defendants paid the legal straight time pay, minimum wage pay and/or overtime pay for all hours worked by Plaintiff and the putative class members;

(f)    Whether Defendants violated Labor Code section 226 for their failure to furnish their employees with an accurate, legally adequate, itemized wage statement;

(g)    Whether Defendants violated Labor Code sections 2800 and 2802 for their failure to reimburse their employees for all necessary business-related expenses;

(h)    Whether Defendants violated Labor Code sections 226, 1174(d), and the IWC Wage Orders by failing to keep accurate time records;

(i)    Whether Defendants violated Labor Code sections 204 and 210 for failing to timely pay earned wages;

(j)    Whether Defendants violated the IWC Wage Orders by failing to pay reporting time pay;

(k)    Whether Defendants violated the IWC Wage Orders by failing to pay split shift wages; and

(l)    Whether Defendants violated Labor Code section 246 for failing to provide notice of paid sick time and accrual.

(m)    Whether Defendants violated Labor Code section 558.1 for causing

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

18

aforementioned labor code violations.

### C.    **Typicality**

81.    The claims of the Plaintiff are typical of the claims of the Classes. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged therein.

### D.    **Adequacy of Representation**

82.    Plaintiff is an adequate representative of the Classes Plaintiff seeks to represent; will fairly protect the interests of the members of the Classes; has no interests antagonistic to the members of the Classes; will fairly and adequately represent and protect the interests of the members of the Classes; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Counsel who represent Representative Plaintiff are competent and experienced.

### E.    **Superiority of Class Action**

83.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Each member of each Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/ or practice of failing to legally compensate class members as alleged above.

84.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Representative Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff Against Defendants)

85.    On behalf of the putative class, Plaintiff incorporates by reference and realleges

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    each and every one of the allegations contained in the preceding and foregoing paragraphs of

2    this Complaint as if fully set forth herein.

3         86.    Defendants have had a consistent policy of failing to pay straight and overtime

4    wages in violation of California state wage and hour laws by not paying overtime to Plaintiff

5    and the putative class members when they work over eight (8) hours in a day and/or 40 hours in

6    a workweek, as well as for the first eight (8) hours of work on the seventh consecutive day of

7    work within a workweek. Defendants also have their employees work without payment,

8    including, but not limited to, 30 minutes of work time that Defendants automatically deducted

9    each day for meal periods that were never provided and which are not legally adequate.

10   Additionally, employees were not paid for all of the time that they spent working under their

11   employer's control due to Defendants improper rounding practices and policy.

12        87.    As a result of the unlawful acts of Defendants, Plaintiff and the putative class

13   members have been deprived of their full straight and/or overtime wages in amounts to be

14   determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties

15   thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 1194, 1197, and

16   1199.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

#### (By Plaintiff Against Defendants)

20        88.    On behalf of the putative class, Plaintiff incorporates by reference and realleges

21   each and every one of the allegations contained in the preceding and foregoing paragraphs of

22   this Complaint as if fully set forth herein.

23        89.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by

24   the Labor Commission is unlawful.

25        90.    Pursuant to the California Department of Industrial Relations: the applicable

26   minimum wage for any employer who employs 26 or more employees is:

27        (A) From January 1, 2017, to December 31, 2017, $10.50 per hour.

28        (B) From January 1, 2018, to December 31, 2018, $11 per hour.

20

COMPLAINT FOR DAMAGES AND PENALTIES

1    (C) From January 1, 2019, to December 31, 2019, $12 per hour.

2    (D) From January 1, 2020, to December 31, 2020, $13 per hour.

3    (E) From January 1, 2021, to December 31, 2021, $14 per hour.

4    (F) From January 1, 2022, and until adjusted by subdivision (c) $15 per hour.

5    91.    Defendants, as a matter of established company policy and procedure, at each and
6    every one of the individual facilities owned and/or operated by Defendants, failed to pay
7    Plaintiff and the putative class members for all hours worked, which resulted in the members of
8    the Minimum Wage Class earning less than the legal minimum wage in the State of California.

9    92.    Defendants' pattern and practice in uniform administration of corporate policy
10   regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum
11   Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code
12   §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the
13   unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the
14   difference between the straight-time compensation paid and the applicable minimum wage,
15   including interest thereon.

16   93.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor
17   Code §1194, an employee shall be entitled to recover liquidated damages) the members of the
18   Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of
19   uncompensated hours of work (not including the overtime portion thereof) in an amount equal
20   to the wages unlawfully unpaid and interest thereon.

21   94.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the
22   members of the Minimum Wage Class seek recover of pre-judgment interest on all amounts
23   recovered herein.

24   95.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class
25   request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

26   ///

27   ///

28   ///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

21
COMPLAINT FOR DAMAGES AND PENALTIES

**THIRD CAUSE OF ACTION**

(FAILURE TO PROVIDE MEAL PERIODS

IN VIOLATION OF LABOR CODE §§ 226.7, 512, AND IWC WAGE ORDERS)

(By Plaintiff Against Defendants)

96.    On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

97.    Defendants do not have a written meal period policy and/or do not provide its employees with meal periods consistent with the requirements of Labor Code § 512. By employing these individuals for work periods of more than five (5) hours and ten (10) hours per day without providing legally adequate meal periods (such as short, on-duty, late, interrupted, or missed meal periods), and failing to provide compensation for unprovided and/or legally inadequate meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 512 and 226.7.

98.    Representative Plaintiff is informed, believes, and based thereon alleges, that at all times relevant during the liability period, Defendants maintained a policy and/or practice of utilizing an "auto-deduct" system whereby thirty (30) minutes were automatically deducted from the hours worked by Representative Plaintiff and the putative class members on a daily basis, whether or not a 30 minute off-duty meal period was actually provided or taken. Defendants also did not record and pay the time that its employees spent under its control, as the company utilized improper rounding policies and practices which resulted in the under payment of wages to Representative Plaintiff and the putative class members.

99.    Defendants failed to pay Plaintiff and Class Members an additional hour of pay at their regular rate of compensation for each date on which it failed to provide legally compliant meal periods. As set forth in *Naranjo v. Spectrum Security Services, Inc.* (Cal., May 23, 2022, No. S258966) 2022 WL 1613499) missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements, thus Defendants failure to pay Plaintiff and Hourly Employee Class Members constitutes a violation of California Labor Code Section 226.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

100. As a result of the unlawful acts of Defendants, Plaintiff and the putative class members have been deprived of premium wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 226.7 and 512, as well as the I.W.C. Wage Orders.

## FOURTH CAUSE OF ACTION

### (FAILURE TO KEEP ACCURATE AND PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226, AND THE IWC WAGE ORDERS)

#### (By Plaintiff Against Defendants)

101. On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

102. Section 226(a) of the California Labor Code requires Defendants to provide itemized wage statements at the time of payment of wages which include, but are not limited to, the following: gross wages earned; the correct total hours worked by the employee; the correct net wages earned; the inclusive dates of the period for which the employee is paid; the name and address of the correct legal entity that is the employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

103. Plaintiff contends that he and the putative class members have been injured by Defendants' failure to provide all of the requisite information on its itemized wage statements in that such failure, *inter alia:* (1) masks possible and actual underpayments to Defendants' employees; (2) make it difficult for Defendants' employees to verify that they have in fact been paid the proper amounts owing for all hours worked; and (3) makes it difficult for Representative Plaintiff to identify her true employer for purposes of this litigation. Said conduct was done knowingly and intentionally, since Defendants are aware of California law, and with the design to harm Representative Plaintiff and the putative class members.

104. At all times relevant during the liability period, Plaintiff and the putative class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

members were employees of Defendants covered by Labor Code § 226 and the Wage Orders.

105.   Pursuant to Labor Code § 226, Defendants were required to furnish each of their employees with an accurate itemized statement reflecting, *inter alia,* total number of hours worked and wages earned. Defendants were also required to keep an accurate record of the beginning and end of all work periods for its employees, including off-duty meal periods.

106.   Pursuant to Labor Code sections 218.5 and 218.6, Representative Plaintiff and the putative class members are entitled to recover the full amount of penalties, reasonable attorneys' fees, and costs of suit.

<div align="center">

**FIFTH CAUSE OF ACTION**

**(FAILURE TO PAY WAITING TIME PENALTIES**

**IN VIOLATION OF LABOR CODE §§ 201, 202, AND 203)**

**(By Plaintiff Against Defendants)**

</div>

107.   On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

108.   California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge. California Labor Code § 202 requires an employer of an employee who quits to pay all compensation due and owing to that employee not later than 72 hours thereafter, unless the employee gave 72 hours previous notice of the intention to quit, in which case the employee is entitled to wages at the time of quitting.

109.   California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

110.   Defendants willfully failed and refused to timely pay all straight time wages, overtime, and meal break compensation to Representative Plaintiff and the putative class members whose employment terminated. As a result, Defendants are liable to Representative

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1   Plaintiff and the putative class members for waiting time penalties, together with interest thereon

2   and attorneys' fees and costs, under Labor Code section 203.

3       111.   Defendants failed to pay Plaintiff and putative Class Members an additional hour

4   of pay at their regular rate of compensation for each date on which it failed to provide legally

5   compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum Security*

6   *Services, Inc.* missed-break premium pay are wages subject to the Labor Code's timely payment

7   and reporting requirements, thus Defendants failure to pay Plaintiff and putative Class Members

8   constitutes a violation of California Labor Code § 201-203.

9       112.   As a result of Defendants' unlawful conduct, Representative Plaintiff and putative

10  Class Members have suffered damages in an amount, subject to proof at trial, to the extent they

11  were not paid all wages due each pay period. The precise amount of unpaid wages is not

12  presently known to Representative Plaintiff but can be determined directly from Defendants'

13  records or indirectly based on information from Defendants' records.

14      113.   Pursuant to Labor Code §§ 218.5 and 218.6, Representative Plaintiff and the

15  putative class members are entitled to recover the full amount of their unpaid wages, interest

16  thereon, reasonable attorneys' fees and costs of suit.

17                          **SIXTH CAUSE OF ACTION**

18                  **(FAILURE TO TIMELY PAY EARNED WAGES**

19              **IN VIOLATION OF LABOR CODES § 204 AND 210)**

20                      **(By Plaintiff Against Defendants)**

21      114.   Plaintiff re-alleges each paragraph of this Complaint as though fully set forth

22  herein.

23      115.   California Labor Code § 204 requires biweekly payment of wages for all

24  employees except salaried executive, administrative and professional employees covered by

25  the Fair Labor Standards Act, whom it requires employers to pay at least once per month.

26      116.   Defendants failed to pay Plaintiff and putative Class Members an additional hour

27  of pay at their regular rate of compensation for each date on which it failed to provide legally

28  compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum Security*

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1  *Services, Inc.* missed-break premium pay are wages subject to the Labor Code's timely

2  payment and reporting requirements, thus Defendants failure to pay Plaintiff and Hourly

3  Employee Class Members constitutes a violation of California Labor Code Section 204.

4      117.   California Labor Code § 210 makes any person subject to civil penalties by

5  failing to pay employees as required by California Labor Code § 204.

6      118.   Plaintiff and Hourly Employee Class Members are entitled to recover $100 for

7  Defendants' initial violation, and $200 for each subsequent violation, plus twenty percent of

8  the amount of wages unlawfully withheld.

9  <u>**SEVENTH CAUSE OF ACTION**</u>

10  **(FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR CODE §**

11  **226.7 & IWC WAGE ORDERS)**

12  **(By Plaintiff Against Defendants)**

13      119.   On behalf of the putative class, Plaintiff incorporates by reference and realleges

14  each and every one of the allegations contained in the preceding and foregoing paragraphs of

15  this Complaint as if fully set forth herein.

16      120.   At all times herein set forth, the California IWC Order and California Labor

17  Code section 226.7 was applicable to Plaintiff and the putative class members employed by

18  Defendants.

19      121.   At all times herein set forth, California Labor Code section 226.7 provides that

20  no employer shall require an employee to work during any rest period mandated by an

21  applicable order of the California IWC.

22      122.   During the relevant time period, Defendants required Plaintiff and the putative

23  class members to work four (4) or more hours without authorizing or permitting a ten (10)

24  minute rest period per each four (4) hour period worked, or major fraction thereof.

25      123.   During the relevant time period, Defendants willfully required Plaintiff and the

26  other class members to work during rest periods and failed to pay Plaintiff and the other class

27  members the full rest period premium for work performed during rest periods.

28      124.   During the relevant time period, Defendants failed to pay Plaintiff and the

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1    putative class members the full rest period premium due pursuant to California Labor Code

2    section 226.7.

3         125.  Defendants' conduct violates applicable IWC Wage Orders and California Labor

4    Code § 226.7.

5         126.  Pursuant to the applicable IWC Wage Orders and California Labor Code §

6    226.7(b), Plaintiff and the putative class members are entitled to recover from Defendants one

7    (1) additional hour of pay at the employees' regular hourly rate of compensation for each work

8    day that the rest period was not provided.

9                              **EIGHTH CAUSE OF ACTION**

10                      **(FAILURE TO REIMBURSE BUSINESS EXPENSES**

11                      **IN VIOLATION OF LABOR CODE §§ 2800 and 2802)**

12                          **(By Plaintiff Against Defendants)**

13        127.  On behalf of the putative class, Plaintiff incorporates by reference and realleges

14   each and every one of the allegations contained in the preceding and foregoing paragraphs of

15   this Complaint as if fully set forth herein.

16        128.  Plaintiff and the putative class members incurred necessary business-related

17   expenses and costs that were not fully reimbursed by Defendants, including, but not limited to,

18   electricity and internet charges while employees worked from home, personal cell-phone usage,

19   travel expenses, and parking expenses.

20        129.  Defendants have intentionally and willfully failed to reimburse Plaintiff and the

21   putative class members for all necessary business-related expenses and costs. Plaintiff and the

22   putative class members are entitled to recover from Defendants their business-related expenses

23   and costs incurred during the course and scope of their employment, plus interest accrued from

24   the date on which the employee incurred the necessary expenditures at the same rate as

25   judgments in civil actions in the State of California.

26   ///

27   ///

28   ///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

COMPLAINT FOR DAMAGES AND PENALTIES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## NINTH CAUSE OF ACTION

### (FAILURE TO PAY REPORTING TIME PAY

### IN VIOLATION OF IWC WAGE ORDERS)

### (By Plaintiff Against Defendants)

130.   On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

131.   California Code of Regulations, Title 8, Division 1, Chapter 5, Group 2, Article 5, § 11050(5)(A) provides that for each workday when an employee is required to and does in fact report to work, but is either not put to work or is furnished less than half of said employee's usual scheduled day's work, that employee should be paid for no less than half, and in no event less than two (2) hours, of the employee's regular rate of pay.

132.   Throughout Plaintiff's and the putative class members' employment, they were told by Defendants to report to work and were either not put to work or were furnished less than half of their usual scheduled day's work.

133.   Defendants routinely failed to pay the required reporting time wages to Plaintiff and the putative class members for each of these instances.

134.   Pursuant to the foregoing, Plaintiff and the putative class members are entitled to all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code § 1197.1 and/or any and all other applicable law.

## TENTH CAUSE OF ACTION

### (FAILURE TO PAY SPLIT SHIFT WAGES

### IN VIOLATION OF IWC WAGE ORDERS)

### (By Plaintiff Against Defendants)

135.   On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

136.   California Code of Regulations Title 8, Division 1, Chapter 5, Group 2, Article

COMPLAINT FOR DAMAGES AND PENALTIES

5, 11050(4)(C) provides that when an employee works a "split shift", one (1) hour's pay at the State or local minimum wage (whichever is greater) must be paid in addition to the minimum wage for that workday.

137.    A "split shift" is defined as a work schedule which is interrupted by non-paid, non-working periods established by the employer, other than *bona fide* rest or meal periods.

138.    Defendants routinely scheduled Plaintiff and the putative class members for multiple different shifts throughout the same workday, separated by periods other than *bona fide* rest or meal breaks.

139.    Defendants failed to pay Plaintiff and the putative class members one (1) hour's pay at the applicable minimum wage, which resulted in Plaintiff and the putative class members being paid less than the applicable minimum wage.

140.    As a further consequence, Defendants also failed to separately list "split shift" payments on Plaintiff's and the putative class members' wage statements.

141.    Pursuant to the foregoing, Plaintiff and the putative class members are entitled to recover all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code § 1197.1 and/or any and all other applicable law.

## ELEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE §246)

### (By Plaintiff Against Defendants)

142.    On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

143.    California Labor Code § 246 provides that an employee who works for the same employer for more than 30 days is entitled to paid sick days. Paid sick leave is to accrue at a rate not less than one (1) hour per every 30 hours worked, such accrual beginning at the commencement of employment. Employers must provide employees with written notice setting the amount of sick leave available (or paid time off in lieu thereof) for use on either

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1    itemized wage statements (as described in Labor Code § 226) or in a separate writing

2    accompanying such wage statements.

3        144.  Plaintiff and other putative class members worked for Defendants for more than

4    30 days, triggering the protections of Labor Code § 246 as described above. Nevertheless,

5    Defendants failed to furnish upon Plaintiff and other putative class members, either on

6    itemized wage statements or in a separate writing accompanying such wage statements, the

7    amount of sick leave available to Plaintiff and other putative class members.

8        145.  As such, Defendants unlawfully retained and continue to retain paid sick leave

9    that should have been paid to Plaintiff and other putative class members but for Defendants'

10   failure to properly institute and/or adhere to a legally compliant paid sick leave program.

11   Plaintiff is informed and believes, and based thereon alleges, that these practices were

12   experienced and continue to be experienced by the other putative class members.

<div align="center">

**TWELFTH CAUSE OF ACTION**

**(UNLAWFUL BUSINESS PRACTICES**

**IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*)**

**(By Plaintiff Against Defendants)**

</div>

17       146.  On behalf of the putative class, Plaintiff incorporates by reference and realleges

18   each and every one of the allegations contained in the preceding and foregoing paragraphs of

19   this Complaint as if fully set forth herein.

20       147.  Defendants' failure to correctly pay wages as alleged herein, failure to keep

21   accurate time records, and failure to compensate for overtime and unprovided meal periods

22   constitute unlawful activity prohibited by Business and Professions Code § 17200, *et seq.*,

23   including, but not limited to, §§ 17200, 17202, and 17203.

24       148.  The actions of Defendants in failing to pay Plaintiff and the putative class

25   members in a lawful manner as alleged herein constitute false, unfair, fraudulent and/or

26   deceptive business practices, within the meaning of Business and Professions Code section

27   17200, *et seq.*

28       149.  As a result of its unlawful acts, Defendants have reaped and continue to reap unfair

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

<div align="center">

30

COMPLAINT FOR DAMAGES AND PENALTIES

</div>

benefits at the expense of Plaintiff and the putative class members. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the putative class members the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiff is informed and believes, and based thereon alleges, that Defendants are unjustly enriched through their failure to pay all earned wages and compensation for unprovided meal periods to Plaintiff and the putative class members.

150.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the putative class members are prejudiced by Defendants' unfair practices.

151.   As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and the putative class members are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages, which have been unlawfully withheld from Plaintiff and the putative class members as a result of the business acts and practices described herein, and enjoin Defendants to cease and desist from engaging in the practices described herein.

152.   The illegal conduct alleged herein is believed to be continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff, on behalf of the putative class, alleges that if Defendants are not enjoined from the conduct set forth in this complaint, they will continue to fail to pay the correct wages, will continue to require employees to work during meal periods, will continue to fail to pay employees the correct rate of pay and for all hours worked, will continue to fail to provide legally adequate meal periods, and will continue to fail to provide appropriate compensation as described herein.

153.   THEREFORE, Representative Plaintiff and the individuals he seeks to represent request relief as described below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1.    Certification of the case as a class action on behalf of the proposed Classes, designation of Plaintiff representatives of the proposed Classs and designation of him as counsel of record as Class Counsel;

2.    For Wages, damages, and equitable relief for all harm Plaintiff and the putative Classes have sustained as a result of Defendants' conduct, according to proof;

3.    For Restitution and disgorgement of unjust enrichment to Plaintiff and members of the Hourly Employee Class;

4.    For a preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees, and representatives—and any and all persons acting in concert with them—from engaging in the unlawful practices, policies, customs, and usages set forth herein;

5.    For a declaratory judgment that the practices complained of in this Complaint are unlawful and violate applicable law;

6.    For attorney fees and costs incurred in the investigation, filing, and prosecution of this action;

7.    Pre-judgment and post-judgment interest, as provided by law; and

8.    For such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 12, 2024    **HAIG B. KAZANDJIAN LAWYERS, APC**

By: _____
Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
David Van Pelt, Esq.
Attorneys for Plaintiff LUIS ZAPATA

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Plaintiff hereby demands a trial by jury.


Dated: November 12, 2024

<div align="right">

**HAIG B. KAZANDJIAN LAWYERS, APC**

By: _____

Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
David Van Pelt, Esq.
Attorneys for Plaintiff LUIS ZAPATA

</div>

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd, Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

33
COMPLAINT FOR DAMAGES AND PENALTIES

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 W. Broadway<br>MAILING ADDRESS:    330 W. Broadway<br>CITY AND ZIP CODE:   San Diego, 92101<br>BRANCH NAME:         Central<br>TELEPHONE NUMBER: 619-450-7071 | |
| PLAINTIFF(S) / PETITIONER(S):  Luis Zapata | |
| DEFENDANT(S) / RESPONDENT(S):  Rural Metro Fire Dept Inc | |
| ZAPATA VS RURAL METRO FIRE DEPT INC | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>24CU022120C |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: GREGORY W. POLLACK                                                                        Department: C-71

**COMPLAINT/PETITION FILED:** 11/12/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 05/09/2025 | 1:30 PM | C-71 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS:    330 W. Broadway<br><br>MAILING ADDRESS:    330 W. Broadway<br><br>CITY AND ZIP CODE:    San Diego, 92101<br><br>BRANCH NAME:    Central | FOR COURT USE ONLY |
|---|---|

| PLAINTIFF(S):  Luis Zapata |
|---|
| DEFENDANT(S):  Rural Metro Fire Dept Inc |
| SHORT TITLE: ZAPATA VS RURAL METRO FIRE DEPT INC |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>24CU022120C |
|---|---|

Judge:  GREGORY W. POLLACK                                    Department:  C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                        ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____


_____                        _____
Name of Plaintiff                                                        Name of Defendant


_____                        _____
Signature                                                                  Signature


_____                        _____
Name of Plaintiff's Attorney                                      Name of Defendant's Attorney


_____                        _____
Signature                                                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/13/2024                                        _____
                                                                  JUDGE OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 24CU022120C CASE TITLE: Zapata vs Rural Metro Fire Dept Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.