Michael S. Kun  (SBN 208684)
Kevin D. Sullivan  (SBN 270343)
Heather M. Domingo  (SBN 334603)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile: 310-553-2165
mkun@ebglaw.com
ksullivan@ebglaw.com
hdomingo@ebglaw.com

Attorneys for Defendant
RURAL/METRO FIRE DEPT., INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LUIS ZAPATA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA EQUITIES, INC., CAPSTONE FIRE MANAGEMENT, INC., RURAL/METRO FIRE DEPT., INC., GLOBAL MEDICAL RESPONSE, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 24CU022120C<br><br>**DEFENDANT RURAL/METRO FIRE DEPT., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br><br><br>Complaint filed:  November 12, 2024 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Rural/Metro Fire Dept., Inc. ("Rural/Metro") hereby answers the unverified Complaint filed by Plaintiff Luis Zapata and says as follows:

## GENERAL DENIAL TO COMPLAINT

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Rural/Metro generally and specifically denies each material allegation contained in Plaintiff's unverified Complaint. Rural/Metro generally and specifically denies that Plaintiff has incurred damages in any amount whatsoever, and Rural/Metro generally and specifically denies that Plaintiff has suffered any violation of the Labor Code, Business & Professions Code, or any other statutory or common law scheme.

## AFFIRMATIVE DEFENSES

Rural/Metro submits the following affirmative defenses to the Complaint, and each cause of action, claim or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to Rural/Metro by law:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state sufficient facts to constitute any cause of action against Rural/Metro.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations. (Code Civ. Proc., § 338, subd. (a); *id.*, § 340, subd. (a); Bus. & Prof. Code, § 17208.)

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff failed and neglected to use reasonable care to minimize and mitigate his alleged damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

4. Some or all of Plaintiff's claims are barred because, at all times, Rural/Metro acted in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

5. Some or all of Plaintiff's claims are barred because Rural/Metro lacks actual or constructive knowledge of the conduct alleged in the Complaint or of any alleged wrongdoing by any other persons.

**SIXTH AFFIRMATIVE DEFENSE**

6. Granting Plaintiff's prayer for relief would unjustly enrich Plaintiff, as he would be receiving than to which he is entitled.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims for allegedly unpaid wages are barred, in whole or in part, because assuming, *arguendo*, that Plaintiff's hours worked were rounded, that was lawful. (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 249–250; *See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889, 903; 29 C.F.R. § 785.48(b); *Corbin v. Time Warner Entertainment-Advance/Newhouse Partnership* (9th Cir. 2016) 821 F.3d 1069, 1076.)

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims for unpaid wages are based on alleged instances of time which, even if in fact worked, was *de minimis* and therefore cannot subject Rural/Metro to liability. Pursuant to the *de minimis* doctrine, the law disregards trifles. (Civ. Code, § 3533; *Rodriguez v. Nike Retail Servs., Inc.* (9th Cir. 2019) 928 F.3d 810, 818 ["[W]e understand the rule in *Troester*[ *v. Starbucks Corp.* (2018) 5 Cal.5th 829] as mandating compensation where employees are regularly required to work off the clock for more than "minute" or "brief" periods of time. This rule does not require employers to "account for 'split-second' absurdities'"], citing *Troester* at p. 845.)

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's Complaint is based on alleged meal period violations for instances, which, even if in fact were late, short, or interrupted, were *de minimis* and therefore cannot subject Rural/Metro to liability. Pursuant to the *de minimis* doctrine, the law disregards trifles. (Civ. Code, § 3533; *Rodriguez v. Nike Retail Servs., Inc.* (9th Cir. 2019) 928 F.3d 810, 818 ["[W]e understand the rule in *Troester*[ *v. Starbucks Corp.* (2018) 5 Cal.5th 829] as mandating

Defendant Rural/Metro Fire Dept., Inc.'s Answer to Plaintiff's Unverified Complaint

FIRM:66667769v1

compensation where employees are regularly required to work off the clock for more than "minute" or "brief" periods of time. This rule does not require employers to "account for 'split-second' absurdities'"], citing *Troester* at p. 845.)

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's Complaint is based on alleged rest period violations for instances, which, even if in fact were late, short, or interrupted, were *de minimis* and therefore cannot subject Rural/Metro to liability. Pursuant to the *de minimis* doctrine, the law disregards trifles. (Civ. Code, § 3533; *Rodriguez v. Nike Retail Servs., Inc.* (9th Cir. 2019) 928 F.3d 810, 818 ["[W]e understand the rule in *Troester*[ *v. Starbucks Corp.* (2018) 5 Cal.5th 829] as mandating compensation where employees are regularly required to work off the clock for more than "minute" or "brief" periods of time. This rule does not require employers to "account for 'split-second' absurdities'"], citing *Troester* at p. 845.)

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claim for expense reimbursement is based on the alleged failure to reimburse for business expenses which, even if in fact were necessarily incurred and reasonable, were *de minimis* and therefore cannot subject Rural/Metro to liability. Pursuant to the *de minimis* doctrine, the law disregards trifles. (Civ. Code, § 3533; see *Rodriguez v. Nike Retail Servs., Inc.* (9th Cir. 2019) 928 F.3d 810, 818 ["[W]e understand the rule in *Troester*[ *v. Starbucks Corp.* (2018) 5 Cal.5th 829] as mandating compensation where employees are regularly required to work off the clock for more than "minute" or "brief" periods of time. This rule does not require employers to "account for 'split-second' absurdities'"], citing *Troester* at p. 845.)

### TWELFTH AFFIRMATIVE DEFENSE

12. Any recovery on Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, by Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employers. (Lab. Code, § 2856 [providing that "an employee shall substantially comply with all the directions of his employer concerning the service on which he is engaged, except where such obedience is impossible or unlawful"]; *Jong v. Kaiser Found.*

1  *Health Plan, Inc.* (2014) 226 Cal.App.4th 391, 395 [holding that "where the acts of an employee
2  prevent an employer from acquiring knowledge [] of alleged uncompensated overtime hours, the
3  employer cannot be said to have suffered or permitted the employee to work"].)

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claim for meal period violations is barred, in whole or in part, because he waived his right to take meal periods when working more than 5 but not more than 6 hours in a workday and when working more than 10 but not more than 12 hours in a workday.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claim for meal period violations is barred, in whole or in part, because assuming, *arguendo*, that he worked during his meal periods or did not take his meal periods timely or at all, he chose to do so and thus waived his rights. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1040–1041 ["Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay"].)

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claim for meal period violations is barred, in whole or in part, by the Emergency Ambulance Employee Safety and Preparedness Act. (Lab. Code, § 880 *et seq.*)

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claim for rest period violations is barred, in whole or in part, because assuming, *arguendo*, that he worked during his rest periods or did not take his rest periods timely or at all, he chose to do so and thus waived his rights. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1040–1041 ["Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay"].)

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claim for rest period violations is barred, in whole or in part, by the Emergency Ambulance Employee Safety and Preparedness Act. (Lab. Code, § 880 *et seq.*)

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claim for expense reimbursement is barred, in whole or in part, because, even if he incurred business expenses for which reimbursement would be required, he did not seek reimbursement for such purported expenses. (*Dockery v. Citizens Telecom Services Co., LLC* (E.D. Cal. Mar. 31, 2023) 2023 WL 275248, p. *4 [holding that, "[t]o state a claim under § 2802, a plaintiff must explain: how or when an employer failed to reimburse; the specific nature of the business expense at issue; whether the employer knew such expenses were incurred; and whether the employer willfully refused to reimburse such expenses."]; *Chavez v. Lumber Liquidators, Inc.* (N.D. Cal. Mar. 26, 2012) 2012 WL 1004850, p. *10 [confirming that when determining an employer's duty to reimburse for expenses, "whether the employee actually sought reimbursement from [the employer]" is relevant]; *Ortiz v. CVS Caremark Corp.* (N.D. Cal. Dec. 2, 2013) 2013 WL 6236743, p. *11 [holding that "the question of whether putative class members actually sought reimbursement is an important one, and there is no common answer to that question"].)

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claim for failure to pay reporting time pay is barred, in whole or in part, because there is no private right of action to enforce the wage order under which Plaintiff brings this claim.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claim for failure to pay split-shift payments is barred, in whole or in part, because there is no private right of action to enforce the wage order under which Plaintiff brings this claim.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff's claim for failure to pay split-shift payments is barred, in whole or in part, because assuming, *arguendo*, that he worked any split shifts, he was paid at least the minimum amount required.  (*Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 576.)

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff's claim for failure to pay all wages purportedly due at the end of employment is barred, in whole or in part, because there is a good-faith dispute whether Plaintiff is owed any wages.  (Cal. Code Regs., tit. 8, § 13520; *Naranjo v. Spectrum Security Services, Inc.* (2023) 88 Cal.App.5th 937, 944–948 [affirming the trial court's ruling that, although meal period premiums were owed to employees, a good faith dispute that such premiums were owed precluded imposing waiting time penalties], affirmed on other grounds in *Naranjo v. Spectrum Security Services, Inc.* (2024) 15 Cal.5th 1056, 1065; *Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 584 ["There is no willful failure to pay wages if the employer and employee have a good faith dispute as to whether and when the wages were due."], citing *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1201–1202.)

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     Plaintiff's claim for failure to timely pay all wages purportedly due during employment under Labor Code section 204 is barred, in whole or in part, because there is no private right of action to enforce that statute.  (*Thistlewaite v. United Parcel Service, Inc.* (C.D. Cal. Dec. 7, 2022) 2022 WL 17578868, pp. *6–*7; *Hansber v. Ulta Beauty Cosms.* (E.D. Cal. Oct. 5, 2021) 2021 WL 4553649, p. *11.)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's claim for failure to timely pay all wages purportedly due during employment under Labor Code section 204 is barred, in whole or in part, because such a claim "cannot be premised solely on the claim that an employer underpaid wages."  (*Carter v. Jai-Put Enter. Inc.* (N.D. Cal. June 30, 2020) 2020 WL 3545094, p. *10; accord, *Soratorio v. Tesoro Ref. & Mktg. Co., LLC* (C.D. Cal. Apr. 26, 2017) 2017 WL 1520416, p. *7 ["Because Plaintiff's allegations concern only the nonpayment of wages, and not whether payments occurred, as

required, between certain days of the month, the claim must be dismissed."]; *Dutra v. J.R. Simplot Company* (E.D. Cal. Jan. 5, 2023) 2023 WL 113846, p. *5 [following *Carter* and *Soratorio* and dismissing a derivative section 204 claim].)

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claim for wage statement violations is barred, in whole or in part, because there was a reasonable, good faith belief that Plaintiff was being provided wage statements in compliance with Labor Code section 226, subdivision (a). (*Naranjo v. Spectrum Security Services, Inc.* (2024) 15 Cal.5th 1056, 1065 ["We now conclude that if an employer reasonably and in good faith believed it was providing a complete and accurate wage statement in compliance with the requirements of section 226, then it has not knowingly and intentionally failed to comply with the wage statement law."].)

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claim for failure to provide accurate wage statements is barred to the extent the claim is based on the alleged failure to set forth wages purportedly earned and owed but not paid. (*Soto v. Motel 6 Operating, L.P.* (2016) 4 Cal.App.5th 385, 392 [requiring only that wage statements "*document* the *paid wages* to ensure the employee fully informed regarding the calculation of *those wages*"], italics in original; *Ramirez v. HV Global Mgmt. Corp.* (N.D. Cal. Jan. 19, 2023) 2023 WL 322888, p. *1; *Rudolph v. Herc Rentals, Inc.* (C.D. Cal. Mar. 11, 2022) 2022 WL 743513, p. *3 ["The hourly rates and wages earned on a wage statement are accurate if they reflect what the employee was in fact paid."].)

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claim for failure to provide accurate wage statements is barred to the extent prevailing on such claims would result in an improper multiple recovery for Plaintiff. (*Maldonado v. Epsilon Plastics, Inc.* (2018) 22 Cal.App.5th 1308, 1336–1337; *Ramirez v. HV Global Mgmt. Corp.* (N.D. Cal. Jan. 19, 2023) 2023 WL 322888, p. *1; *Rudolph v. Herc Rentals, Inc.* (C.D. Cal. Mar. 11, 2022) 2022 WL 743513, p. *3.)

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff's penalty- and monetary damage-based claims under Business & Professions Code section 17200 et seq. are barred, in whole and or in part, because compensatory damages and penalties are not recoverable under section 17200. (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144; *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1401–1402.)

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff's derivative claims under Business & Professions Code section 17200 et seq. are barred, in whole and or in part, to the extent his underlying claims fail. (*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.* (2018) 28 Cal.App.5th 923, 950, citation omitted; *Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1147.)

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff's claim for failure to properly pay sick leave compensation is barred, in whole or in part, because there is no private right of action to enforce the sick leave statutes.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff's claim for failure to properly pay sick leave compensation is barred, in whole or in part, because Plaintiff's employer was exempt from the Healthy Workplaces Healthy Families Act pursuant to Labor Code section 246, subdivision (f).

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Plaintiff's claim based on the alleged failure to inform employees of the amount of paid sick leave is barred, in whole or in part, because there is no private right of action to pursue a claim under that statute.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of waiver.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of unclean hands.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of laches.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of consent.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of estoppel.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Some or all of Plaintiff's claims, or the damages and/or penalties sought, are barred by the doctrine of release.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Plaintiff's request, if any, for a jury trial on his claims under the Unfair Competition Law should be stricken because there is no right to a jury trial under that statutory scheme. (*Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal.5th 279, 292–293.)

### FORTIETH AFFIRMATIVE DEFENSE

40. Plaintiff's request for injunctive relief is barred because, as a former employee, he lacks standing to seek such relief. (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1142, fn. 5 ["Price does not seek injunctive relief under section 226, subdivision (g), nor could he because, as a former Starbucks employee, he lacks standing."]; *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338, 364; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 986; *Cunha v. IntelliCheck, LLC* (N.D. Cal. 2017) 254 F.Supp.3d 1124, 1138; *Byrd v. Masonite Corp.* (C.D. Cal. 2016) 215 F.Supp.3d 859, 865 ["As a former employee of Defendant, Plaintiff lacks standing to sue for injunctive relief."].)

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41. Plaintiff's request for public injunctive relief, if any, is barred because even assuming, *arguendo*, that Plaintiff had standing to seek any type of injunctive relief as a former employee, the relief that he seeks is private injunctive relief. (*Clifford v. Quest Software Inc.* (2019) 38 Cal.App.5th 745, 755.)

Because the Complaint is couched in conclusory terms, Rural/Metro cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Rural/Metro hereby reserves the right to assert additional defenses, if and to the extent such defenses are applicable.

WHEREFORE, Rural/Metro respectfully requests that:

1. Plaintiff take nothing by his Complaint;
2. Judgment be entered in favor of Rural/Metro and against Plaintiff on all causes of action;
3. Rural/Metro be awarded costs of suit and attorneys' fees herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: January 8, 2025

EPSTEIN BECKER & GREEN, P.C.

By: _____
Michael S. Kun
Kevin D. Sullivan
Heather M. Domingo

Attorneys for Defendant
RURAL/METRO FIRE DEPT., INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3. I served copies of the following documents (*specify the exact title of each document served*):

**DEFENDANT RURAL/METRO FIRE DEPT., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| David Van Pelt, Esq.<br>Haig B. Kazandjian, Esq.<br>Cathy Gonzalez, Esq.<br>HAIG B. KAZANDJIAN LAWYERS, APC<br>801 North Brand Boulevard, Suite 970<br>Glendale, California 91203<br>Tel.: (818) 696-2306<br>Fax: (818) 696-2307<br>david@hbklawyers.com<br>haig@hbklawyers.com<br>cathy@hbklawyers.com | *Attorneys for Plaintiff*<br>*LUIS ZAPATA* |

5.   a. ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on (*date*): **January 8, 2025**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/08/2025 | Brooke Scott | *(signature)* |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

12
Defendant Rural/Metro Fire Dept., Inc.'s Answer to Plaintiff's Unverified Complaint

FIRM:66667769v1