# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ZAPATA, et al, <br><br> Plaintiffs, <br><br> v. <br><br> RURAL/METRO FIRE DEPT, INC., et al., <br><br> Defendants. | Case No. 25-cv-0049-BJC-DEB <br><br> **ORDER RE: ORDER TO SHOW CAUSE** |

    On November 12, 2024, Plaintiff Luiz Zapata filed a putative Class Action Complaint for Damages and Penalties under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) for violations of the California Labor Code, California Business & Professions Code, and the applicable Wage Order(s) issued by the California Industrial Welfare Commission ("IWC Wage Order(s)") in the Superior Court for the County of San Diego. Complaint, ECF No. 1-2.

    On January 8, 2025, Defendants Rural/Metro Fire Department, Capstone Fire & Safety Management, and Global Equities, Inc. (collectively "Defendants") removed the action to this Court and contemporaneously filed an Answer to the Complaint. ECF Nos.

1

1, 2. On January 21, 2025, the Court issued an Order to Show Cause why Action Should not be Remanded, requiring a response within fourteen days of the Order. ECF No. 5. A corrected Order to Show Cause was filed on January 24, 2025, making the response due February 7, 2025. ECF No. 6. On February 7, 2025, Defendants filed a Response to the Order to Show Cause. ECF No. 9. Plaintiff has not filed any response or objection to removal.

For the following reasons, the Court finds that Defendants properly removed the action to this Court.

I.   Legal Standard

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Here, Defendants rely on CAFA, which permits removal where "(a) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.00." *See* Notice of Removal ("NOR") ¶ 5 (citing 28 U.S.C. §§ 1332(d), 1453(b)). CAFA, however, contains three exceptions to removal: (1) the mandatory "local controversy" exception, *see* 28 U.S.C. § 1332(d)(4)(A); (2) the mandatory "home state" exception, *see* 28 U.S.C. § 1332(d)(4)(B); and (3) the discretionary "home state" exception, *see* 28 U.S.C. § 1332(d)(3). *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). "Implicit in both subsections (d)(3) and

(d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (citing 28 U.S.C. §§ 1332(d)(3)–(4)).

II.  Discussion

  A. Mandatory Local Controversy Exception

The mandatory local controversy exception provides that district courts must decline jurisdiction where (1) "more than two-thirds of the plaintiffs are citizens of California"; (2) "at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a California citizen"; (3) "the principal injuries about which Plaintiffs complains were suffered in California"; **and** (4) "no similar class action has been filed against any of the defendants in the preceding three years." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015); 28 U.S.C. § 1332(d)(4)(A)(emphasis added).

Here, the exception does not apply here because a similar class action was filed on February 6, 2024. Therefore, one of the four required elements for the exception is not satisfied. On February 6, 2024, *Santiago v. Rural/Metro Fire Dept., Inc., et al.*, was filed in San Diego County Superior Court Case No. 37-2024-00005548. [1] In *Santiago*, as in the present case, plaintiff filed suit on behalf of himself and a proposed class, including "[a]ll current and former non-exempt employees of any of the Defendants within the State of California." (RJN, Ex. 1 ¶ 17.)  In both actions, the plaintiffs have asserted wage-based claims against Rural/Metro under California law based on the same factual allegations. Both plaintiffs allege that Rural/Metro unlawfully required the plaintiffs and putative class members to work during meal/rest periods without compensation or payment of premium

---

[1] Defendants request that the Court take judicial notice of the Complaint in *Santiago v. Rural/Metro Fire Dept., Inc., et al.*, San Diego County Superior Court Case No. 37-2024-00005548, pursuant to Federal Rule of Evidence 201. Req.Jud.Notice ("RJN") at 2 ECF No. 9-2. The Court grants this request, finding that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

wages (RJN, Ex. 1 ¶¶ 26–27; ECF 1-2 ¶¶ 46, 65–66); failed to pay the plaintiffs and putative class members proper overtime compensation (RJN, Ex. 1 ¶¶ 25, 36–37; ECF 1-2 ¶ 62); failed to reimburse the plaintiffs and putative class members for business-related expenses and costs (RJN, Ex. 1 ¶ 44; ECF 1-2 ¶¶ 56, 72); and failed to comply with California wage-reporting requirements (RJN, Ex. 1 ¶ 25; ECF 1-2 ¶¶ 70–71).

Therefore, the Court finds that the mandatory local controversy exception is inapplicable.

### B. Mandatory and Discretionary Home State Controversy Exceptions

Under the mandatory "home state" exception, a court must decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State" of California. *See* 28 U.S.C. § 1332(d)(4)(B).

With regard to discretionary abstention, the Court may decline to exercise jurisdiction when "more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed.'" *Adams*, 958 F.3d at 1220. If any of the primary defendants in the case is not a citizen of the state where the action was initially filed, neither home state exception applies. *Singh v. American Honda Finance Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019); 28 U.S.C. § 1332(d)(3).

#### 1. Primary Defendant

In determining whether a defendant is a "primary defendant," the Ninth Circuit has specified that a court must: "assume that all defendants will be found liable"; "consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable"; and "consider the defendant's potential exposure to the class relative to the exposure of other defendants." *Id.*

The Court finds that Defendant Rural/Metro is a "primary defendant" because it is the employer of the putative class members, it is being sued directly, and Plaintiff asserts

Rural/Metro is directly responsible for the harm to putative class member plaintiffs. Nicole Semar Decl. ¶ 7, Ex. 1, ECF No. 9-1. Rural/Metro is incorporated in Arizona and has had its principal place of business in both Arizona and Texas. Kim Duhrkopf Decl. ¶ 2, ECF No. 1-5. The putative class plaintiffs here are "current and former non-exempt employees "who were or are employed in California." ECF No. 1-2 ¶ 4. Remand under CAFA is only required if all the primary defendants are citizens of California. Here, Defendant is not a citizen of California. Therefore, the "home state controversy" exceptions do not apply and remand is not required. *Singh*, 925 F.3d at 1068.

### 2. Citizenship of Putative Class Members

Even if Defendant Rural/Metro is not considered a "primary defendant," there is insufficient evidence before the Court to determine how many of the putative plaintiffs are citizens of California. Therefore, the Court cannot make a determination with regard to the citizenship prong of the "home state controversy" exception. As noted above, the mandatory exception requires that two-thirds of the plaintiffs be California citizens, and under the discretionary exception, one-third of the plaintiffs must be California citizens. *See* 28 U.S.C. § 1332(d)(3) & (4)(B).

A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California. *King v. Great American Chicken Corp.*, 903 F.3d 875, 879 (9th Cir. 2018). Here, the putative class aims to certify a class that includes current and former non-exempt employees who "were or are employed in California" but is not limited to California "citizens." The putative class includes 164 former non-exempt employees who were employed within the State of California, but review of the employees' records does not identify where the former employees currently live or if they considered California their "permanent home" when Plaintiff filed the Complaint. *See* Semar Decl. ¶ 6. Because there is insufficient evidence to determine what percentage of the putative class members were domiciled in California when the Complaint was filed, the Court cannot determine that the

"home state controversy" exception requires remanding the case to state court. When clarity on the citizenship of the putative class members arises, the Court is willing to entertain this issue again, if necessary.

### III.   Conclusion and Order

For the foregoing reasons, the Court finds that Defendants properly removed the action to this Court, and no exception to CAFA jurisdiction applies. Therefore, the Court retains jurisdiction.

**IT IS SO ORDERED.**

Dated: November 6. 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge